### FRANCK v. SMOLENS.

(Supreme Court, Appellate Term. December 16, 1908.)

1. LANDLORD AND TENANT (§ 309*) — RECOVERY OF POSSESSION BY LANDLORD — SUMMARY PROCEEDINGS — EVIDENCE — QUESTION FOR JURY—CREDIBILITY OF DEFENDANT.

Evidence in a summary proceeding to dispossess a tenant *held* to present a question for the jury as to the truth of the tenant's testimony as to the term of the lease.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 1317; Dec. Dig. § 309.*]

2. LANDLORD AND TENANT (§ 310*)—RECOVERY OF POSSESSION BY LANDLORD— SUMMARY PROCEEDINGS—FAILURE TO PROVE CASE—DISMISSAL.

Where a landlord brought summary proceedings to dispossess a tenant, alleging a tenancy from month to month and an agreement to vacate on 5 days' notice, if he proved only a letting for an indefinite period necessitating a 30-day instead of a 5-day notice, the tenant was at most only entitled to a dismissal of the petition, and not to a final order in his favor.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 310.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Summary proceedings by Carl Franck against Jacob Smolens. From a Municipal Court final order in favor of defendant by direction of the court, plaintiff appeals. Reversed, and new trial granted.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

Harold Swain, for appellant.
Joseph Wilkenfield, for respondent.

FORD, J. This is an appeal from a final order in summary proceedings in favor of the tenant by direction of the court upon a jury trial. The landlord-appellant purchased certain premises at auction on May 14, 1908. He testified that he forthwith visited the tenant-respondent, who occupied a store thereon, and notified him of the new ownership of the premises. He swears that he also told him, in substance, that because of the dilapidated condition of the premises the tenant must be prepared to vacate on five days' notice. The landlord also mentioned, according to his own testimony, that the tenancy was from month to month. Another person who claims to have been present at the alleged interview corroborates the landlord. They

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

both swear that the tenant expressed his satisfaction with the arrangement, and said nothing about any other kind of tenancy than that mentioned by the landlord. Upon the defense the tenant testified that he had occupied the store for a number of years, having rented it by the year from an agent of the owners. The agent was dead at the time of the trial. One of the owners at the time of the alleged yearly renting was called, who testified that there was at that time several owners, and that the agent had no authority to rent by the year. In view of the silence of the tenant at the alleged interview with the landlord respecting the alleged yearly hiring when he was notified that his tenancy was from month to month, the foregoing testimony of the past owner, the death of the agent, and the tenant's own direct interest in the case, I am of opinion that his testimony was so suspicious as to require the question of his credibility to be passed upon by the jury. As to the upper rooms in the same premises occupied by this tenant, there is nothing to show more than a tenancy at will.

Respondent makes the point that at most the landlord proved a letting for an indefinite period, and that 30 instead of 5 days' notice was necessary. Even if that were so, the most the tenant was entitled to was a dismissal of the petition.

The order appealed from should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.