both swear that the tenant expressed his satisfaction with the arrangement, and said nothing about any other kind of tenancy than that mentioned by the landlord. Upon the defense the tenant testified that he had occupied the store for a number of years, having rented it by the year from an agent of the owners. The agent was dead at the time of the trial. One of the owners at the time of the alleged yearly renting was called, who testified that there was at that time several owners, and that the agent had no authority to rent by the year. In view of the silence of the tenant at the alleged interview with the landlord respecting the alleged yearly hiring when he was notified that his tenancy was from month to month, the foregoing testimony of the past owner, the death of the agent, and the tenant's own direct interest in the case, I am of opinion that his testimony was so suspicious as to require the question of his credibility to be passed upon by the jury. As to the upper rooms in the same premises occupied by this tenant, there is nothing to show more than a tenancy at will.

Respondent makes the point that at most the landlord proved a letting for an indefinite period, and that 30 instead of 5 days' notice was necessary. Even if that were so, the most the tenant was entitled to was a dismissal of the petition.

The order appealed from should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.

---

### FRANCK v. RABINOWITZ.

(Supreme Court, Appellate Term. December 16, 1908.)

Appeal from Municipal Court, Borough of Manhattan, Second District.

Summary proceedings by Carl Franck against Nathan Rabinowitz. From a Municipal Court final order for defendant, plaintiff appeals. Reversed and new trial ordered.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

Harold Swain, for appellant.
Joseph Wilkenfield, for respondent.

FORD, J. The final order is reversed and a new trial ordered, with costs to the appellant to abide the event, on the authority of Franck v. Smolens (decided at this term) 113 N. Y. Supp. 464. All concur.

---

(60 Misc. Rep. 383.)

### WALTER et al. v. WALTER et al.

(Supreme Court, Special Term, New York County. August, 1908.)

1. WILLS (§ 514*)—CONSTRUCTION—LEGATEES.

Testator bequeathed his art collection to the Art Museum of the City of San Francisco, and directed that if in the judgment of his executors it would be advisable to have his nephew act as superintendent of the collection to invest a certain sum and pay him the accruing interest thereon as a salary for his services, but if his nephew should resign or become disqualified then such sum to revert to his estate. There never was an association named the Art Museum of the City of San Francisco, Cal., but there was a San Francisco Art Association, an organization affiliat-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes